TATUM, et al., v. KELLEY.

CONTRACTS—*void when in aid of rebellion.* *Contracts* which contravene the law are void; and courts will never lend their aid to enforce them.

Where the intention of *one* of the parties is to enable the *other* to violate the law, the contract is void.

14

The rule that *mere* knowledge by the seller of the buyer's intention to use the goods purchased for an unlawful purpose, does not invalidate the contract, does *not* apply to a case where the contract is so connected with an illegal transaction or purpose as to be *inseparable* from it.

Where the payee of a note, sold in consideration thereof *guns*, which he knew would be used in *aid* of the *rebellion* against the Government, he concurred with and actively promoted the *treasonable* purpose of the buyer.

PROMISSORY NOTES—*assignment—pleading.* The maker of a note is not, by an assignment, deprived of any *defense* which he had as against the assignor previous to the assignment.

In the plea of the maker of a note, the *averment* that the plaintiff, who is assignee thereof, *had notice* at the time of the assignment of the illegality of the consideration, is *surplusage.*

## Appeal from Union Circuit Court.

Hon. JOHN T. BEARDEN, Circuit Judge.

CARLETON, GARLAND & NASH, for appellants.

HARRISON, J.

This is an action on a promissory note for one thousand dollars, made by defendants to F. L. Gilbke, dated July 11, 1861, and payable on the 1st day of March, thereafter, indorsed to I. F. J. Spach, and by him to the plaintiff.

The defendants, besides the general issue, pleaded, first, that the consideration of the note were guns, purchased from the payee by the defendants, to arm men to wage war against the United States, in the rebellion, which intention and purpose were well known to the payee at the time of the sale; secondly, in addition to the above averments, the plaintiff knew said facts at the time when the note was assigned to him.

Demurrers were sustained to these pleas; a trial upon the plea of general issue, and a verdict and judgment for the plaintiff. The defendants complained here that the court erred in sustaining the demurrers.

No principle is better settled than that contracts that contravene the law are void, and that courts will never lend their

aid in enforcing them. Illegal contracts are not such only as stipulate for something that is unlawful; but, where the intention of one of the parties is to enable the other to violate the law, the contract is corrupted by such illegal intention, and is void. *Pratt v. Adams*, 7 *Paige*, 615; *The Branch Bank at Montgomery v. Crocheron*, *et al.*, 5 *Ala.*, 250; *Beach v. Kezar*, 1 *New Hamp.*, 184; *Steele v. Curle*, 4 *Dana*, 381; *Armstrong v. Toler*, 11 *Wheat.*, 258; *Giraday v. Richardson*, 1 *Esp.*, 13; *Langton v. Hughes*, 1 *Maule & Selwgn*, 593; *Lightfoot, et al., v. Tenant*, 1 *Bos. & Pull.*, 551; *Farmer v. Russell*, *et al.*, 1 *Bos. & Pull.*, 295.

We are aware that there are cases in which it is held that *mere* knowledge by the seller of the buyer's intention to use the goods purchased for an unlawful purpose does not invalidate the contract. We have no inclination to question the correctness of these decisions, or of the rule declared by them, but it can have no application where the contract is so connected with an illegal transaction or purpose as to be inseparable from it.

In *Lightfoot, et al., v. Tenant*, referred to above, Chief Justice EYRE said: "Upon the principles of the common law, the consideration of every valid contract must be meritorious. The sale and delivery of goods, nay, the agreement to sell and deliver goods, is, *prima facie*, a meritorious consideration to support a contract for the price. But the man who sold arsenic to one whom he knew intended to poison his wife with it, would not be allowed to maintain an action upon his contract. The consideration of the contract, in itself good, is there tainted with turpitude, which destroys the whole merit of it."

We do not know that it is possible to find a rule by which to determine when a party, with knowledge of the other's illegal purpose, "may be," to use the language of Chief Justice ROBERTSON, in *Steele v. Curle*, " neutral without being guilty of incivism, or of any intentional participation in the unlawful design;" but, for the decision of this case, more is required. By selling the guns, with knowledge of the use for which they

were intended, the payee of the note concurred with and actively promoted the unlawful and treasonable purpose of the defendants.

The maker of a note is not, by the assignment, deprived of any defense which he had against the assignor previous to the assignment. *Sec.* 3, *chap.* 15, *Digest;* and see *Smith v. Copers,* 13 *Ark.; Robinson v. Swigart, ib.,* 71; *Walker, ad., et al., v. Johnson, et al., ib.,* 522. The averment of notice to the plaintiff, at the time of the assignment to him, of the illegality of the consideration, in the third plea, was, therefore, mere surplusage.

The court erred in sustaining the plaintiff's demurrers. The judgment is therefore reversed, and the cause remanded.