HANAUER & CO. *v.* GRAY.

ILLEGAL PROMISES. A promise, illegal only in part, may be enforced as to the part which is legal, provided the two parts are separable.

A due bill, payable in Confederate bonds or Tennessee money, may be enforced as to the latter mode of payment.

*Appeal from Randolph Circuit Court.*

Hon. L. L. MACK, Circuit Judge.

WATKINS & ROSE, for appellants.

T. J. RATCLIFFE, for appellee.

BOWEN, J.

The appellee brought an action of assumpsit against the appellants, in the circuit court of Randolph county, upon a promissory note, payable in Confederate bonds or Tennessee money, dated January, 26, 1862, due at date.

Defendants, L. Hanauer & Co., filed a demurrer, which was overruled; they then plead non-assumpsit and illegality of consideration. Plaintiff replied in short, upon the record. The cause was submitted to the court, sitting as a jury, who declared the law to be, that "the note being the only evidence, and promise to pay in one of two articles, although one be illegal, the court will instruct in favor of the legal mode of performance of the contract;" and found in favor of the plaintiff, in the sum of $242$\frac{67}{100}$, and entered judgment accordingly.

The defendants filed a motion for a new trial, which was overruled; also, a motion to set aside and arrest the judgment, which was also overruled. The defendants excepted, and the cause comes to this court on appeal.

The bill of exceptions shows that the note was the only evidence in the circuit court, and reads as follows:

"Due Daniel Gray $180$\frac{56}{100}$, payable in Confederate bonds or Tennessee money.                L. HANAUER & CO.

"POCAHONTAS, January 25, 1862."

The judgment was for $242$\frac{67}{100}$, being the amount of the note and interest, at the rate per cent. fixed by statute after the maturity of a note, and, so far as the amount is concerned, seems to be correct.

The only question left, therefore, for our consideration, is in regard to the illegality of the *promises.* " A distinction must be taken between the cases in which the *consideration* is illegal in part, and those in which the *promise,* founded on the consideration, is illegal in part. If any part of a consideration is illegal, the whole consideration is void, because public policy will not permit a party to enforce a promise which he has obtained by an illegal act, or an illegal promise, although he may have connected with this act or promise another which is legal. But, if one gives a good and valid consideration, and thereupon another promises to do two things—one ·legal and the other illegal—he shall be held to do that which is legal, unless the two are so mingled and bound together that they can not be separated, in which case the whole promise is void." See *Parsons on Contracts, page* 380.

In this case, the payment was to be made in Confederate bonds, or Tennessee money, and the promises are *not* so mingled and bound together that they can not be separated.

Passing by the promise to pay in Confederate bonds, without expressing an opinion thereon, we will consider the promise to pay in Tennessee money. In the case of *Wilburn v. Greer,* 6 *Ark.,* 257, and in the case of *Searcy v. Vance, Martin and Yerger, Tenn. Reports,* Arkansas money and Tennessee money were respectively held to mean current coin of the United States. According to these authorities, no doubt can remain as to the legality of the promise to pay in Tennessee money.

The second plea of defendants set up that the note was given for supplies for the Confederate army, to which plea plaintiff replied in short, upon the record, but as no evidence was offered in support of this plea, and no question as to the legal sufficiency of the facts stated therein raised, we see nothing demanding further consideration.

Judgment affirmed.