Yowell v. State.

*INDICT-MENT: Circumstances of killing.*

---

YOWELL v. STATE.

LIQUOR: *Local Option: Sales on Orders: Place of Sale.*

Yowell was a member of a firm of saloon keepers at Ticon, four miles from Mulberry. Wilkerson was their bar-tender. The county court had made an order, under the local option law, prohibiting the sale or giving away of ardent liquors within three miles of a church in Mulberry. Johnson, a practicing physician at Mulberry, handed to Yowell, as he was leaving Mulberry for Ticon, a dollar, telling him

to give it to Wilkerson and to tell Wilkerson to send him a quart of a particular whiskey for prescriptions. Yowell got the whisksy at the saloon and on his return to Mulberry delivered it to Johnson. He was indicted and convicted for selling within the prohibited district. *Held:* That being a part owner of the saloon and receiving the money and delivering the whiskey at Mulberry, made it a sale by Yowell at Mulberry, and he was properly convicted.

APPEAL from *Franklin* Circuit Court.
Hon. G. L. CUNNINGHAM, Circuit Judge.

*C. B. Moore*, Attorney General, for the State.

The *bargain was made* at Mulberry, the *money paid* there to one of the firm and the *liquor delivered* there, and the sale actually took place within the prohibited limits.

### STATEMENT.

ENGLISH, C. J. The indictment in this case alleged in substance, that Major Yowell, on the fifteenth day of December, 1882, in the county of Franklin, and within three miles of the church and school house at Mulberry, did unlawfully sell to one A. C. Johnson one quart of spiritous and intoxicating liquor, when the county court of said county had made an order in compliance with the act approved March 21, 1881, prohibiting the sale or giving away of intoxicating liquors within three miles of the said church and school house at Mulberry, etc.

Dr. A. C. Johnson, a practicing physician, who resided near Mulberry, was the only witness examined at the trial, and the material facts proved by him are as follows :

Gatlin & Co., of which firm the defendant was a member, kept a licensed saloon at Ticon, four miles from Mulberry, and Ed. Wilkerson was their clerk and bar-tender.

The doctor used Rocky Springs' whiskey in filling prescriptions, and Gatlin & Co. kept that particular kind of whiskey at their saloon. He was in the habit of sending

to Ed. Wilkerson, the bar-tender of the saloon, by persons going to Ticon, for that whiskey.

On a day not named, but within one year next before the finding of the indictment, the defendant and other persons, were in a hack at Mulberry about to start for Ticon, and the doctor handed the defendant a dollar, and told him to tell Ed. Wilkerson to send him a quart of Rocky Springs' whiskey. The defendant, on his return from Ticon, delivered to the doctor, in Mulberry, a bottle of whiskey labeled in the hand-writing of Ed. Wilkerson, at Ticon. The dollar was handed to the defendant, and the bottle of whiskey was delivered by him to the doctor at Mulberry, within three miles of the church and school house named in the indictment.

It was admitted that the county court of Franklin county, previous to the time alleged in the indictment, had made an order in compliance with the act of March 21st, 1881, prohibiting the sale or giving away of spiritous or intoxicating liquors within three miles of the church and school house named in the indictment and situated at Mulberry.

The defendant moved the court to instruct the jury as follows:

"That if they believed from the evidence, that the witness, Johnson, was a practicing physician, and met the defendant in Mulberry, and there handed him money, with a request to purchase for him the liquor mentioned in the indictment, and that the defendant accepted the money and went to Ticon, and there purchased from Ed. Wilkerson, the said liquor, and that the said Wilkerson labelled and directed it to the said Johnson, then the sale occurred at Ticon, and not at Mulberry, and the jury will acquit."

The court refused this instruction and instructed the jury as follows:

"That if they believed from the evidence, that the defendant owned an interest in the saloon from which the

purchase was made, and that the defendant received the money, and delivered the whiskey to A. C. Johnson within three miles of the church and school house described in the indictment, after an order of the county court prohibiting the same, and within one year next before the finding of the indictment, then that amounts to a sale at Mulberry, and the jury will convict."

The defendant was convicted, fined twenty-five dollars, refused a new trial, took a bill of exceptions and appealed to this court.

### OPINION.

In the instruction moved for appellant, the facts in evidence, that he was a member of the firm of Gatlin & Co., the owners of the saloon at Ticon, and that Wilkerson was merely the bar-tender, are ignored, and the instruction was properly refused. If the doctor had handed the dollar to some person going to Ticon, who had no interest in the saloon, and requested him to purchase for him a quart of his favorite whiskey, at the saloon of Gatlin & Co., where it was kept, and he had done so, it would have been a sale at Ticon. But the money was handed to appellant at Mulberry, and he went to the saloon at Ticon, of which he was part owner, got the whiskey, returned, and delivered it to the doctor at Mulberry, so it was in legal effect a sale by appellant at Mulberry.

The instruction given by the court to the jury was a correct announcement of the law, applicable to the facts in evidence.

To decide otherwise might open a wide gap for invasion, by keepers of saloons, or liquor sellers, of districts placed under the protection of local option law for the protection of churches and schools.

One engaged in the sale of liquors, might go to such a district, receive money and orders for liquors from any

number of persons, go back to his place of business, fill the orders, return to the district and deliver the liquors without being subject to indictment.

Whilst the courts should administer the law fairly and impartially, they should not favor schemes for its evasion.

Affirmed.