Blackwell v. The State.

---

## BLACKWELL v. THE STATE.

LIQUOR:  *Local option law:  Evasion of.*
   Defendant had a billiard saloon at Dardanelle where the local option law was in force.  Coats, by the defendant's direction, delivered to defendant's son at his billiard saloon, money for a quart of whisky.  Defendant sent to his dram shop outside of the local option limits, got the whisky there, and his son delivered it to Coats at the billiard saloon in Dardanelle. *Held*, that the sale was in Dardanelle and defendant was rightly convicted.

APPEAL from *Yell* Circuit Court.
Hon. G. S. CUNNINGHAM, Circuit Judge.
*Gibson* and *Allen* for appellant.
*C. B. Moore*, Attorney General, *contra*.

ENGLISH, C. J.    S. J. Blackwell was indicted for selling a pint of intoxicating liquor to J. B. Coats within three miles of a school house in Dardanelle, where the local option law of twenty-first of March, 1881, had been put into operation by an order of the county court of Yell County.

On the trial it was proved that defendant kept a billiard hall in Dardanelle, and was a partner in a saloon at Caulksville, six miles out.

J. B. Coats, witness for the State, testified, in substance, that defendant kept a billiard hall in Dardanelle, and he got some whisky from his house on last Friday (before the trial). That he paid the money and received the whisky at defendant's billiard hall. Witness saw defendant the Thursday before, and asked him for whisky, and he said he did not have any there. Witness offered him the money to get him some at Caulksville. Defendant said he could not take it, but to leave the money anywhere, and step in and get his son to write an order for it, and that he could leave the money with his son, or anywhere where he could get it. On Friday his little boy called witness and handed him the whisky. The defendant was in his billiard hall at the time.

Pendergrass, a witness for the defendant, testified that he went out to Caulksville, on Thursday, in company with defendant, and in defendant's buggy, with an order for the prosecuting witness, J. B. Coats, and his money, for the purchase of a quart of whisky, and with that order he took others and brought in the whisky and left it at defendant's house. He was not the agent or employé of the defendant, and he only did it for accommodation. The whisky was bought at Caulksville, at the saloon of the defendant and W. E. Cotton, a distance of six miles from Dardanelle school house. Witness left the whisky at defendant's billiard hall, in Dardanelle.

It was admitted that the money was deposited with the defendant's son, and the whisky received, within three miles of the school house named in the indictment, where an order of the county court previously made had put the local option law into operation.

The court charged the jury as follows:

" If the jury find from the evidence that the order and money for the whisky were left with the defendant's son, and the son was acting as agent for his father, the defendant, and that the whisky was delivered here by the son to J. B. Coats, they will find the defendant guilty as charged." To the giving of which instruction the defendant excepted.

The defendant moved two instructions, as follows:

" 1. In order to warrant a conviction in this case, it must be proven to the minds of the jury beyond a reasonable doubt, that the defendant sold or gave away a quart of whisky to the prosecuting witness, J. B. Coats, within twelve months of the finding of the indictment, and within three miles of the school house in the town of Dardanelle.

" 2. If the jury find from the evidence that the defendant refused to take the money when offered to him in Dardanelle by the prosecuting witness, Coats, for a quart of whisky, telling him that he could not take pay for it in Dardanelle, but if he would leave the money in town where he could get it, he would send or take it out to his store, where he could lawfully sell it to him ; and if it appears from the evidence that the quart of whisky was bought and paid for at the store, where it was lawful to sell it, the delivery of the same in Dardanelle or elsewhere within three miles of the school house, etc., after its purchase, was not a sale within the meaning of the statute, and they must acquit the defendant."

The court gave the first and refused the second of these instructions.

The defendant was found guilty by the jury and fined $25, refused a new trial, took a bill of exceptions and appealed.

The evidence warranted the verdict, and upon the facts in evidence, there was no error in the charge of the court.

The case is similar to *Yowell v. The State, 41 Ark., 355,* and what was said there is applicable to this case.

Affirmed.