## PARSONS OIL COMPANY v. BOYETT.

CONTRACTS: *Lawful where made, enforceable everywhere.*

A purchase in another State, by a citizen of this State, of articles to be sold in this State, the sale of which is prohibited by the law of this State, but not by the law of the State where purchased, is valid and binding upon the purchaser, and will be enforced in the courts of this State, unless the seller is to actively participate, or be interested in the unlawful sale in this State.

APPEAL from *Hempstead* Circuit Court.

*A. B. & R. B. Williams*, for appellant.

There was a complete sale and delivery in the city of St. Louis. The order was received by appellants, and goods delivered to the Iron Mountain Railroad, a common carrier, before the dispatch countermanding the order was received. Black & Reaves disclosed no authority to countermand the order, and even had the telegram reached appellants before delivery of the goods they would not have been bound to respect it. They could only have withdrawn their guaranty, which was not done. See *Benjamin on Sales, sec. 181; 1b., sec. 693.*

The contract of sale and delivery having been begun and completed in the State of Missouri, the laws of Arkansas could not affect the validity of the sale unless it had been shown that there was a corrupt combination on the part of the vendors with the vendees to enable the vendees to violate the laws of this State, which was not shown nor any attempt at it. *Hill v. Spear, Am. Law Reg., vol. 11, N. S., p. 497; State v. Carl & Tobey, 43 Ark.; 14 N. Y. (4 Kernan), 162; 12 How., U. S., 87; Chitty on Cont., top p. 92–3; 19 Alb. L. J., p. 387.*

*Dan W. Jones* for appellees.

Contracts founded on an act prohibited by statute under a penalty are void. *Tucker v. West et al., 29 Ark., 386.*

Where the consideration of a contract is either wicked in itself, or prohibited by law, it is void and incapable of ratification. *1bid; Stewart v. Davis, 31 Ark., 518; Cox v. Donnelly, 34 Ib., 762.*

Where the intention of *one* of the parties is to enable the

*other* to violate the law, the contract is void.    *Tatum et al.
v. Kelly, 25 Ark., 209.*

If part of the entire consideration is illegal, either at
common law or by statute, the whole agreement is void.
*Chitty on Con., 692.*

As shown by the evidence, the contract in this case was
made at Hope, in Hempstead County, State of Arkansas,
and was a violation of the act. (*Acts 1881, p. 116.*)    The
contract was not perfected until delivery at Hope, Ark.


SMITH, J.    The plaintiff in this action was a firm in St.
Louis, Mo., dealing in oils.    The defendants Boyett, Flow-
ers & Co., and Black & Reaves, were merchants trading at
Hope in this State.    And the action was to recover a bal-
ance due on a car load of oil sold and delivered to Boyett,
Flowers & Co., upon their written order, accompanied by
a letter from Black & Reaves, guaranteeing payment
within five days after the receipt of the goods.

The defenses were :

First—That the order had been countermanded before
the oil was shipped.

Second—That the contract was made at Hope, with an
accredited agent of the plaintiff for oils, some of which
were below 130° test, after the act of March 21, 1881, had
taken effect and it was unlawful to deal in such oils.

There was a trial by jury, with a verdict and judgment
for the defendants.

The evidence showed the following state of facts :

In the month of March, or early part of April, 1881, a
traveling salesman of the plaintiff had visited Hope, and
had unsuccessfully solicited an order from Black & Reaves,
leaving with them a card of prices.    On the sixteenth day
of April, Boyett, Flowers & Co., transmitted by mail an
order to the plaintiff for 22 barrels and 35 cases of 115°

coal oil; 18 barrels of 150°, and 3 barrels of 175°, directing the same to be sent by the Iron Mountain Railroad, and promising payment in five days after the arrival of the oil. Black & Reaves also wrote by the same mail, undertaking that the money should be paid at the specified time. These letters were received at St. Louis on the seventeenth, and the order was filled on the eighteenth, two dray-loads having been delivered to the carrier designated by the defendants on that day, and the remaining load before 9 a. m. of the nineteenth. In the evening of the eighteenth Black & Reaves, having learned that the act of March 21, 1881, prohibiting under a penalty the sale of oils for illuminating purposes that ignite at a temperature less than 130 degrees Fahrenheit, was now in force, sent a night telegram to the plaintiff, requesting that the oil might not be shipped. This telegram was not delivered until 10 or 11 o'clock of the nineteenth, after the railroad company had received and receipted for the oil. A correspondence ensued between the parties, the defendants insisting that the plaintiff should take back the oil that was below 130° test, as they could not sell it to their customers in Arkansas ; but the plaintiff declined to do this. The defendants had paid on account an amount sufficient to cover the oil above 130°.

It is manifest that the court below tried the case upon a false theory, namely, upon the theory that the act of March 21, 1881, and which went into force ten days after its passage, had any bearing upon the plaintiff's right to recover. Thus the plaintiff moved for a direction that if the jury should believe from the evidence that Boyett, Flowers & Co. purchased by their order, in writing, the oil mentioned in the plaintiff's bill of particulars within three years before action brought, and the same was shipped to and received by them, and they afterwards paid a part, the jury might

find for the plaintiff the balance proved to be due, notwithstanding a portion of said oil was below 130° fire test.

This the court qualified by requiring the jury to further find that the sale was not in violation of the laws of this State.

Again, the court told the jury that if they should find that any act necessary to complete the sale, was to be done in Arkansas, and that the contract was for the sale of articles prohibited by the laws of Arkansas, they should render a verdict for the defendants.

1. CON-TRACTS: Valid where made, enforceable everywhere. And the same vice pervades the entire charge of the court. Now, the laws of this State have nothing to do with the validity, nature, obligation and interpretation of this contract. It was a Missouri contract; for it was there that the plaintiff received the order; it was there they consented to fill it, and it was there the goods were actually delivered to a carrier of the defendant's own selection. Consequently, if the contract was valid by the law of Missouri (and no attempt is made to show the contrary), it was valid everywhere, and would be enforced in any jurisdiction to which the plaintiff was compelled to resort for a remedy for its violation. *State v. Carl & Tobey, 43 Ark., 353.*

It is true no nation or State is bound to recognize or enforce any contracts which are in fraud and violation of its own laws. It may also be admitted that a man is presumed to know and understand not only the laws of his own country, but also those of a foreign country or State in which he transacts business; although this particular law had been so recently enacted that the defendants themselves who were citizens of the State, seem not to have been aware of its provisions when they gave their order. Still the plaintiff's right to recover would not de-

pend on its knowledge or belief that the purchaser bought for the purpose of carrying the oil into Arkansas, to be there re-sold in violation of its law. But it would depend upon the circumstances whether the seller was to participate actively or be interested in the subsequent unlawful disposition of the oil.

An instructive case on this subject is *Hill v. Spear, 50 N. H., 253; S. C., 11 Am. Law Reg., N. S., 497.* The facts were these: E kept a saloon in Manchester, N. H., where he was accustomed to retail spirituous liquors contrary to law. S was a liquor dealer in New York, where such traffic was not prohibited, and had visited E's saloon, and on one occasion had solicited orders from E for liquors. Subsequently S sold E a quantity of spirituous liquor. The contract of sale was made and completed, and the goods were delivered in New York. S had no interest in the disposition of the liquors by E, and did not act beyond the sale to E, in furtherance of E's purpose to sell the liquors in New Hampshire; but there was evidence to show that S, when he solicited orders from E, and sold him the liquors, had reasonable cause to believe, and did believe that E intended to re-sell those liquors at his saloon.

The Supreme Judicial Court of New Hampshire ruled that the contract of sale being valid by the laws of New York, should be enforced.

Judgment reversed and a new trial awarded.