Berger v. State.

BERGER v. STATE.

1. SALES.    *When not completed by delivery to carrier.*
   A vendor who takes a bill of lading deliverable to his order or that of his agent, manifests the intention to reserve the *jus disponendi* of the goods shipped in himself, and the title does not vest in the person for whom they are ultimately intended until actual delivery to him.

2. INTOXICATING LIQUORS.    *Sale on order: Delivery by agent: Place of sale.*
   C. left with the defendant at Malvern, where the sale of intoxicating liquors was prohibited, an order for whiskey to be sent to L. a licensed dealer at Donaldson.   The defendant sent the order to L. who filled it by putting the liquor desired in a bottle, and shipped it labeled with C.'s name and enclosed in a locked box to the defendant at Malvern.   The defendant who was provided with a key, opened the box and delivered the whiskey to C.   This transaction was often repeated with other customers.   The defendant received no remuneration for his services and it does not appear that he was interested in L.'s business or was expressly authorized to do more than transmit orders and deliver such liquor as was sent him.   He was convicted on an indictment for selling ardent spirits to C. at Malvern.   Held: That if L had consigned the whiskey to the carrier for delivery to C. no offense would have been committed, as the property would then have vested in C. at Donaldson and the sale would have been completed there, where it was lawful.   (*State v. Carl*, 43 *Ark*, 353.   But as the consignment was to the defendant who acted as the agent of L. and completed the sale by delivering the whiskey at Malvern, he was a principal in the offense and was properly convicted. *Yowell v. State*, 41 *Ark.* 355.

APPEAL from *Hot Springs* Circuit Court.

J. B. WOOD, Judge.

*G. W. Murphy*, for appellant :

1.   Appellant was not the agent of the Lederers in the sale of the liquor; he did not solicit the orders, he merely forwarded them for the accommodation of Carmichael, and requested the whiskey to be for-

warded in his case. The sale occurred at Donaldson, where the liquor was delivered to the carrier. *43 Ark. 253*; *128 Mass. 171.*

*D. W. Jones*, Attorney General, for appellee:

The facts in this case show that the appellant was the agent of the Lederers; the order was received at Malvern; the money paid there, and goods delivered to appellant there. See *Story on Agency, par. 3*; *Parson's Cont. vol. 1, p. 40.*

By selling at Malvern as agent, he was liable. *45 Ark. 361.*

COCKRILL, C. J.   Berger, the appellant, is a merchant at Malvern—a town where no license can be issued for the sale of intoxicating liquors. Lederer & Bro. were licensed liquor dealers at Donaldson—a station in the same county on the same line of railway, but not within the territory where the sale of liquor is prohibited. Persons at Malvern who wanted Lederer's liquors would leave orders for what they desired with Berger, who would forward them to Donaldson to be filled. The Lederers, except in rare instances, accepted the orders, placed the liquors designated in each in a bottle or jug labelled with the name of the person giving the order; put the bottles or jugs into a box which was kept for the purpose, locked the liquor in and delived the box to the railway company, addressed to Berger. Berger was provided with a key and when the box was received he would remove the contents and return it by rail empty to the Lederers to be used as before. This occurance was oft repeated—the box going and returning with such frequency that one witness who was hired by the Lederers to carry it to and from the depot at Malvern, said it was almost daily. The bottles and jugs thus

1. INTOXI-
CATING
LIQUORS:
Sale on or-
der. Deliv-
ery by agent
Place of
sale.

Berger v. State.

received by Berger were delivered by him on demand to the person indicated by the labels. It does not appear that Berger was in any way interested in the Lederers' business at Donaldson, or that he was expressly authorized by them to do more than transmit orders and deliver such liquor as they saw fit to send him; and he received no remuneration for his services.

John Carmichael, on two occasions, ordered and received whiskey from the Lederers through Berger at Malvern in the usual way—viz: as above indicated. On one of the occasions Berger delivered the liquor to Carmichael without receiving the purchase price; and on the other refused at first to receive it, explaining that he had nothing to do with the sale, but he finally accepted it for the Lederers upon Carmichael's suggestion that it would be a favor to him, as it would save him the trouble and risk of transmitting it. He had pursued the same course in his dealing with others. The grand jury indicted Berger for selling ardent spirits at Malvern to Carmichael. All the facts above detailed were put in evidence. Berger was found guilty and has prosecuted this appeal from the judgment of conviction. His contention is, that the facts show that the sales were made by the Lederers and became consummate at Donaldson upon the delivery of the liquor to the common carrier at that point.

This would be true if the Lederers after selecting the goods ordered, had consigned them to the carrier for the purpose of being delivered by it to Carmichael. That would have shown a palpable appropriation of the articles selected to the contract of sale, the carrier would be regarded as standing in the place of the buyer for the purpose of delivery; the property would have vested in him at Doldalson—the place of shipment—and the sale

Berger v, State.

would have become complete there. *Parsons Oil Co., v. Boyett*, 44 *Ark.* 230; *State v. Carl & Tobey*, 43 *Id.*, 353; *Frank v. Hoey*, 128 *Mass.* 263; *Weber v. Howe*, 36 *Mich.* 150; *Boothy v. Plaisted*, 51 *N. H.* 436; *Sarbecker v. State*, 65 *Wisc.* 161; *Gahbracht v. Com'th*, 96 *Penn. St.* 449. No offense would then have been committed, for the Lederers were licensed dealers at Donald'son and the act there was lawful. To sustain the judgment, it must appear that the sale was consummated—that is that the property passed—in the territory where the act was unlawful. *Cases supra.* But the intention to pass the property to Carmichael before actual delivery at Malvern was not manifested by the Lederers. The order received by them was not a contract of sale, but only a proffer to purchase, and their intent in shipping the liquor is the paramount consideration in determining whether the offer was accepted and the sale completed. Now, they did not consign the liquor to Carmihael, but to their own agent, Berger; they paid the charges for carriage; they assumed control of the property on its arrival at Malvern by causing it to be taken in charge for the purpose of transportation to their agent's place of business, and finally delivered it into his hands. These facts indicate the intention not to pass the property to Carmichael.

The rule is well established, that a vendor who takes a bill of lading deliverable to his own order, manifests the intention to reserve the *jus disponendi* and prevent the property from passing to the intended vendee. *Benjamin on Sales, sec.* 399; 2 *Shouler on Personal Property, sec.* 27, *et seq.* One who ships goods to a third person who is his agent, and who as such agent is subject to his authority in reference to it, equally manifests the intention. While the goods are in transit

2. SALES: When not completed by delivery to carrier.

or in the hands of the seller's agent, the contract is executory and either party may recede from it. The other facts mentioned are circumstances which also tend to show the intention of keeping control of the liquor. By assuming to pay the cost of carriage without any adjustment of the charge between themselves and the intended buyer, the Lederers manifested the intent to hire the carrier to transport the liquor as their agent, just as they did the man employed to complete the transportation for them by delivery at Berger's store. 2 *Shouler on Pers. Prop. sec.* 264; *Suit v. Woodhall,* 113 *Mass.* 391. The delivery to the carrier at Donaldson was not, therefore, an appropriation of the liquor to Carmichael's proffer to purchase. But Berger consumated the sale at Malvern as agent for the Lederers by actual delivery to Carmichael, and became a principal in the offense. *State v. Keith,* 37 *Ark.* 96 ; *Foster v. State,* 45 *Id.* 361.

The court's charge was based upon the theory that Berger acted as the agent for the Lederers in the sales to Carmichael, and the jury by their verdict have found that he did. It is argued that as he received the order to purchase from Carmichael, he acted as his agent in making the purchase, and that there was no evidence to sustain the theory of an agency for the Lederers. The continuous dealings between Berger and the Lederers of the same nature as those they had with Carmichael, and the testimony of Berger and one of the Lederers of an understanding between them that Berger should take orders for liquor and receive and deliver it when they saw fit to send it to him, was amply sufficient to justify the finding that he was acting in the transactions for the Lederers. It was immaterial that he received no pay for his services; he was nevertheless their agent. As

such, according to the verdict, he took the order of sale, as such the Lederers consigned the liquor to him and he delivered it for them. The case stands then as though, after receiving the order of sale at Malvern, upon his principals, he had carried it to Donaldson, received the liquor in person, returned to Malvern and there delivered it for them; and it is not distinguishable in principle from *Yowell v. State*, 41 *Ark.* 355.

Affirm.