Moore v. State.

---

## MOORE v. STATE.

1. ABUSIVE LANGUAGE: *Indictment for using.*
    An indictment (based on *sec.* 1802, *Mansf. Dig.*) which charges that the defendant " unlawfully did make use of violent, abusive and insulting language towards and about one A. W., and in his presence and hearing, which language, in its common acceptation, was calculated to arouse to anger him, the said A. W., and cause a breach of the peace," is sufficient without setting forth the language used.
2. CRIMINAL PROCEDURE: *Application for continuance admitted as testimony: Provocation to use abusive language.*
    The defendant was indicted for using abusive language, and when the cause was called for trial moved for a continuance because of the absence of a witness by whom, it was stated, he could prove that the language used was in response to opprobrious language used by the prosecuting witness. The State's attorney conceded that the witness, if present, would so testify, but the defendant insisted on a continuance unless the truth of the matter set forth in his motion was admitted. The court refused the application, but on a trial it was read as the testimony of the absent witness and was not controverted by the State. The jury assessed the minimum fine. *Held:* That if it be granted that the provisions of the Civil Code, regulating continuances, do not apply to criminal cases, or, if intended to apply, are in derogation of the constitutional rights of the accused, still the defendant was not prejudiced; as the evidence of the absent witness would have gone only in mitigation of the punishment, and the lowest penalty was inflicted.

APPEAL from *Washington* Circuit Court.

J. M. PITTMAN, Judge.

*J. D. Walker*, for appellant.

1. The testimony of the witness mentioned in the motion for a continuance should have been *admitted to be true*. The statutes on the subject apply only to civil cases.

2. The language used should have been set out in the indictment. *Wharton Cr. Pl. and Pr. 8th Ed.*, sec. 220 ; 18 *N. W. Rep.*, 435.

3. The conduct of Willie was the moving cause, and the law does not require a son to submit quietly without reply to the abuse of his father.

*D. W. Jones, Attorney General*, for appellee.

1. The indictment is in the language of the statute. *Mans. Dig.*, sec. 1802 ; 34 *Ark,*, 551 ; 40 *Id.*, 361.

2. A continuance is always in the sound discretion of the trial court. 8 *Ark.*, 119 ; 13 *Id.*, 734.

3. *Sec.* 5108 *Mansf. Dig.* regulates the practice in civil cases, but sec. 2189 makes it apply to criminal cases.

4. Offensive language will not justify an assault. 21 *Ark.*, 195. Nor will abusive language justify abusive language in reply.

SMITH, J. The indictment alleged that the defendant "unlawfully did make use of violent, abusive and insulting language towards and about one Asher Willie, and in his presence and hearing ; which language, in its common acceptation, was calculated to arouse to anger him, the said Asher Willie, and cause a breach of the peace, against the peace, etc."

After trial and conviction, a motion in arrest of judgment was denied.

1. ABUSIVE LANGUAGE: Indictment for using.

The indictment is founded upon the peace and tranquility act of July 23, 1868, *Mansf. Dig.*, sec. 1802: "If any person shall make use of any profane, violent, abusive, or insulting language, toward or about another person, in his presence or hearing, which language, in its common acceptation, is calculated to arouse to anger the person about or to whom it is spoken or addressed, or to cause a breach of the peace or an assault, every such person shall be deemed guilty, etc."

The Act recognizes the right of a person, not only to be safe, but to feel safe; and the indictment conforms closely to the words of the Act, which creates and defines the offense.

It would seem, on principle, that an indictment for this offense should set forth the language used by the defendant, which is alleged to be abusive and tending naturally to provoke an assault, in order that the court might be enabled at the outset to judge whether any offense had been committed. The analogies of the law discourage putting a defendant on trial without a more minute specification of his offense. Thus in an indictment for obtaining goods under false pretences, it is necessary to set out the pretences used, as well as the other facts which constitute the crime. So an indictment for libel must set out the libellous matter, or such parts of it as go to make up the libel charged. Accordingly in a late case (*Stener v. State*, 59 *Wisc.* 472) the Supreme Court of Wisconsin held, that in a criminal proceeding before a justice of the peace, under a similar statute, the complaint must set forth the abusive or obscene language. And such was the course pursued by the prosecuting attorney who drew the indictment in *State v. Mozier*, 33 *Ark.*, 140. But in *Hearn v. State*, 34 *Id.*, 550, and in *State v. Hutson*, 40 *Id.*, 361, this court sustained indictments similar in form to the present one. Perhaps the mention of the person to whom the offensive language is addressed sufficiently individuates the offense for all practical purposes; especially since the question, whether language was in its nature calculated to arouse to anger or to provoke a breach of the peace, must be left to the jury, depending as it does upon the manner of the speaker, the relations of the parties, and the circumstances under which it was spoken.

**2. CONTIN-UANCE: Application for, admitted as testimony.** When the cause was called for trial, the defendant moved the court to grant him a continuance on account of the absence of a witness, by whom he expected to prove that the language used by him, on the occasion referred to in the indictment, was in response to opprobrious language used by Willie of and concerning the defendant's father, and that Willie, without any provocation, was the first to use angry words. The State's attorney conceded that the witness, if present, would so testify. The defendant insisted that he was entitled to a continuance unless the truth of the matter set forth in his motion was admitted. The court ruled otherwise. On the trial the application for continuance was read as the testimony of the absent witness. The State did not controvert the statements contained in the application, and the jury assessed the minimum fine.

If it be granted that the provisions of the civil code regulating continuances do not apply to criminal cases, or if intended to apply, that they are in derogation of the constitutional rights of the accused, still no prejudice could have accrued to the defendant. The evidence **Provocation to use abusive language.** would not have gone to the extent of justification, or complete exculpation; for of course violent words can not excuse like violent words. But the jury might consider the provocation in mitigation of the punishment. And this is manifestly what they did; for they have inflicted the lowest penalty.

Judgment affirmed.