## GLASS *v.* STATE.

### Opinion delivered June 9, 1900.

LIQUORS—SALE—DELIVERY.—Defendant, an agent employed to take orders for liquors, sent an order to his principal in an adjoining county, and the principal filled the order and delivered the liquor to a common carrier to be carried to the purchaser, but the carrier took it to defendant's place of business, where the purchaser received and paid for it. *Held*, that the court, at defendant's request, should have instructed the jury that if the principal delivered the liquor to the carrier to be delivered to the purchaser, and the carrier left it for him at defendant's house, and defendant, for accommodation merely, permitted it to be left and delivered it to the purchaser, defendant was not guilty of selling liquor without license. (Page 268.)

Appeal from Logan Circuit Court.

JEPHTHA H. EVANS, Judge.

*Robt. J. White*, for appellant.

The second instruction was abstract and misleading. The sale was completed when the goods were set apart, addressed to Rawlings, and delivered to the carrier. 43 Ark. 356; 1 Benj. Sales, 130–514; 71 Ala. 358, 360, 368. Appellant was entitled to instructions fairly presenting his defenses to the jury. 3 S. W. 717; 20 Tex. App. 13; 4 S. W. 22.

WOOD, J. The appellant was indicted and convicted in the Logan circuit court for selling liquor without license, and appeals to this court.

The proof showed that one Rawlings ordered a jug of liquor from one Odom, a liquor dealer at Huntington, in Sebastian county. Rawlings lived at Booneville in Logan county. He ordered the liquor through Glass, the appellant, who lived at Booneville, and who was the agent of Odom to solicit orders for the sale of liquor, receiving a regular salary for such services. Glass sent in the order to Odom at Huntington. Odom put a jug of liquor, sealed, tagged and addressed to Rawlings, at Booneville, into the hands of the mail carrier at Huntington. The carrier left the jug at Glass' place of business, and in a day or so thereafter Rawlings called there and got the whiskey, and afterwards paid Glass for it at Booneville. Glass testified that there was no understanding between him and the house that the liquor was to be delivered to him and by him to the customer. There was testimony that the house at Huntington had nothing further to do with the liquor after it was delivered to the mail carrier at Huntington for the customer, and that Glass had nothing to do with it except to send in the order and to remit what money he collected; that the carrier had no instruction to deliver the liquor to Glass, but for convenience he sometimes left the liquor at Glass' place, sometimes at the post office, and sometimes with the customer; that neither Glass nor the house had any control of the liquor after it was delivered to the carrier.

The court on its own motion instructed the jury as follows:

"1. If the defendant was in the employ of a licensed liquor dealer at Huntington, Arkansas, soliciting orders for whiskey to his house, and in this county received the order of J. O. Rawlings therefor, transmitted the same to his house, where it was filled, and the liquor for Rawlings was sent by the house to defendant in this county, was there received by defendant, and by him there delivered to the witness, Rawlings, and money therefor there collected, then the sale was in this county and by defendant, and you will convict defendant. If you fail to find the above supposed state of facts to be true beyond a reasonable doubt, you will acquit the defendant."

"2. If the defendant was the agent of a liquor house, and in this county took Rawlings' order for whiskey, deliver-

ing in this county the whiskey to Rawlings pursuant to such order, and in this county collected the pay therefor from Rawlings, defendant is guilty, and you will convict."

Defendant asked the following instruction, which was refused: "If you find from the evidence that the liquor was placed in a jug at Huntington, Sebastian county, Arkansas, sealed and addressed to J. O. Rawlings, at Booneville, Arkansas, and delivered to the mail carrier, a common carrier, to be by him delivered to Rawlings, and that the carrier left the liquor at defendant's house for Rawlings, and that defendant, for accommodation only, permitted it to be left there, and afterwards delivered it to Rawlings, then defendant is not guilty, and you should acquit."

The attorney general confesses that the refusal of the court to give the instruction asked by appellant was reversible error. The attorney general is correct. The instruction was warranted by the evidence, and the defendant was fairly entitled to an instruction which would give the jury the right to find that the liquor was appropriated to the order for same, and delivered to the carrier for the purchaser at Huntington in Sebastian county, and that Glass had no control over the liquor after it was delivered to the carrier in Sebastian county. If Glass had no control over the liquor after he sent in the order for same to his house at Huntington, then he would not be guilty of selling liquor in Logan county, because in such a case there would be no setting apart or delivery of the liquor, under the contract of purchase, by Glass in Logan county. On the other hand, if Glass received the order for the liquor in Logan, and sent same to his house, and the house filled the order and returned same to Glass, who delivered same to the purchaser in Logan county, then the jury might find him guilty. Both views should have been presented to the jury. The court ,following *Berger* v. *State*, 50 Ark. 25, *Blackwell* v. *State*, 42 Ark. 275, and *Yowell* v. *State*, 41 Ark. 355, presented the latter view in its charge, but failed to present the former. The doctrine announced and authorities cited by this court in *State* v. *Carl*, 43 Ark. 353, shows clearly that this was error. See also *Berger* v. *State, supra,* on this point.

The judgment is reversed, and cause remanded for a new trial.

BATTLE, J., absent.