## CROSS v. STATE.

Opinion delivered May 27, 1905.

LIQUOR—UNLAWFUL SALE.—A licensed. liquor dealer who sends whisky by a messenger to be delivered to the purchaser, on payment of the purchase money, at a place where he had no right to sell it is guilty of selling whisky unlawfully.

Appeal from Monroe Circuit Court.

GEORGE M. CHAPLINE, Judge.

Affirmed.

*J. H. Harrod,* for appellant.

The question as to where the sale was made should have been submitted to the jury. 41 Ark. 355; 42 Ark. 295; 50 Ark. 20.

*Robert L. Rogers, Attorney General,* for appellee.

RIDDICK, J. This is an appeal from a judgment convicting defendant, Marion Cross, of an unlawful sale of whisky, and adjudging that he should pay a fine of $50. The facts were

that the defendant had a saloon at Surrounded Hill, in the Southern District of Prairie County. A customer, desiring whisky, but not having the money with which to pay for it, requested the defendant to send four quarts of whisky to a place in the Northern District of that county, promising that he and three other parties would pay for it when it was delivered. The next day the defendant sent the whisky by a party who was going in a buggy to that neighborhood with directions not to deliver it unless it was paid for. In compliance with these directions, the party carried the whisky to the place mentioned, and there delivered three quarts to the purchasers as directed, but, the fourth man not paying for the whisky ordered for him, the party retained that quart, and returned it to the defendant.

We need not discuss the instructions, for the facts stated, which are shown by the testimony of the defendant himself, and about which there is no dispute, show beyond controversy that the defendant was guilty as charged. The question of the defendant's guilt is determined by the ascertainment of the place at which the sale was completed, and where the title of the whisky passed from the defendant to the purchaser. If the whisky had been delivered at his saloon, he would not have been guilty. He testified that, so soon as the whisky was ordered, it was bottled and set apart for the purchasers, to be sent to them as requested. But he also said that the reason that it was not delivered to the party who ordered it at the time it was ordered was that the party did not have the money to pay for it, and that defendant directed the party by whom it was sent not to deliver it unless the money was paid for it. This evidence of the defendant shows clearly that he did not intend to part with either the possession or ownership of the whisky until the price of it was paid. It was paid, and the whisky delivered, in the Northern District of the county, where defendant had no right to sell. The ownership of the whisky was not changed until delivered. So the sale was made in the Northern District. This makes out a case against defendant on undisputed facts. *Berger* v. *State,* 50 Ark. 20; *Blackwell* v. *State,* 42 Ark. 275; *Yowell* v. *State,* 41 Ark. 355.

Judgment affirmed.