### HOLLENBERG MUSIC COMPANY *v.* BERRY.

Opinion delivered December 23, 1907.

CONTRACT—ILLEGAL PURPOSE.—Though a contract was entered into by one of the parties for the furtherance of an illegal purpose, the contract will not be rendered illegal as to the other party by reason of the fact that he had knowledge of such illegal purpose, provided he does nothing in furtherance thereof. Thus, a vendor of a piano may recover the purchase price thereof, though he knew that the vendee intended to keep and use it in a bawdy house.

Appeal from Craighead Circuit Court; *Frank Smith,* Judge; reversed.

Appellant brought suit in replevin for a piano, alleging in its complaint that it had contracted to sell to the appellee a certain piano, under a written contract, on the installment plan, with retention of title. That there was a default in the payment at maturity of certain of the installments, whereupon the appellant was entitled to possession and damages for the retention of the instrument. The usual allegations in replevin were made.

Appellee answered, admitting execution of the contract, denying right of possession, and setting up divers violations by appellant of its warranty, and counterclaiming for money already paid.

At the time of the purchase of this piano it was a fact, known to appellant's selling agents, that for several years appellee had owned a home in North Jonesboro, where she had for a number of years conducted a bawdy house, and that it was her intention to place the piano in her bawdy house, and to use it for the purpose of taking in money, by the nickel in the slot process.

The court instructed the jury as follows: "If the plaintiff or its selling agent, at the time of the execution of the contract for the purchase of the piano, knew that the defendant was a keeper of a bawdy house, and that it was her intention to keep and use the piano in her said bawdy house, the plaintiff could not recover in this action."

Appellant asked and the court refused the following: "Mere knowledge on the part of the plaintiff or its selling agent of the character of the defendant, and that she intended to use the piano in her bawdy house, was not of itself sufficient to avoid the contract, but that, before they would be justified in finding the contract void, they must find from the evidence that plaintiff in some measure participated in the unlawful conduct of the defendant in running a bawdy house, or that her wrongful conduct was a part of the consideration inducing the plaintiff to sell her the piano."

Exceptions were duly saved to ruling of the court in giving and refusing requests for instructions.

The verdict and judgment were for appellee, and appellant duly prosecutes this appeal.

*Mathes & Westbrooke* and *C. P. Harnwell,* for appellant.

Mere knowledge of the character of the purchaser and that she intended to use the piano in a bawdy house was not sufficient to avoid the contract   To render the contract void, there must be some participation by the seller in the unlawful business, or something done in furtherance thereof.   15 Am. & Eng. Enc. of L. (2d Ed.), 987; 25 Ark. 209; *Id.* 350; *Id.* 238; 1 Wharton, Cont. § 343; 44 Ark. 230; 48 Ark. 487; 67 Am. Dec. 132; 52 Am. Rep. 383; 21 *Id.* 546; 9 *Id.* 205; 45 *Id.* 520; 32 *Id.* 119; 50 L. R. A. 506.

WOOD, J., (after stating the facts).   The only question here is whether mere knowledge on the part of the seller that the buyer intends to put the thing sold to an unlawul use, or, as in this case, to use it in the same place where an unlawful or immoral business is carried on, avoids the contract on grounds of public policy.

In the absence of proof that the piano was used or to be used by the terms of the contract in connection with the illegal business of keeping the bawdy house, or that the use of the piano by appellee was inseparable from the business, which fact appellant knew, or that appellant knowingly was to derive some benefit from the use of the piano in the bawdy house, the instruction was erroneous.

The rule supported by the weight of authority and approved by this court is "that, though the contract is entered into by one of the parties for the furtherance of an illegal purpose, the contract will not be rendered illegal as to the other party, though he had knowledge of such illegal purpose, provided he does nothing in furtherance thereof."   *O'Bryan* v. *Fitzpatrick,* 48 Ark. 387; *Parsons Oil Co.* v. *Boyett,* 44 Ark. 230.   See also *McMurtry* v. *Ramsey,* 25 Ark. 350; *Ruddell* v. *Landers,* 25 Ark. 238; *Tatum* v. *Kelley,* 25 Ark. 209.   See *Tracy* v. *Talmage,* 67

Am. Dec. 132; *Hill* v. *Spear,* 9 Am. Rep. 205; and *Anheuser Brewing Ass'n* v. *Mason,* 9 L. R. A. 506.

It follows that the court erred. The judgment is therefore reversed, and the cause is remanded for new trial.