TROUSDALE *v.* ARKADELPHIA MILLING COMPANY.

Opinion delivered February 3, 1913.

1. SALES—DUTY TO ATTACH TAGS.—Where a broker in Louisiana bought foodstuffs from defendant in Arkansas, for distribution in Louisiana, and a Louisiana statute requires that such foodstuffs be tagged with the name of the manufacturer and a guaranteed analysis thereof, the duty to attach such tags rests on the Louisiana purchaser and not the defendant seller in Arkansas.

2. SALES—PLACE OF SALE—TITLE.—Where a complaint shows that there is a completed sale of two cars of corn chops when defendant upon receipt of plaintiff's order delivered said chops on board cars at Arkadelphia, Ark., title passed to the buyer and the chops became the property of the plaintiff, and the defendant is not liable for a failure to comply with a Louisiana law, after the property reached Louisiana, which requires that a guaranteed analysis of each sack be attached thereto.  (Page 481.)

3. PLEADING—COMPLAINT—DEMURRER.—Where a complaint asks damages from defendant for its failure to comply with a certain statute, but fails to allege that there was any duty upon defendant to comply therewith, the complaint will be held bad on demurrer. (Page 482.)

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge; affirmed.

STATEMENT BY THE COURT.

The complaint, in substance, alleged:

Plaintiffs are doing a brokerage business in Monroe, La. Appellee is an Arkansas corporation, doing business at Arkadelphia, Ark.

On January 30, 1911, plaintiffs acted as merchandise brokers for local customers, and were agents for defendant at Monroe, La., and purchased from defendant two cars of chops which defendant billed from its mills to plaintiffs at Monroe, La., shippers' order. Said two cars of corn chops arrived (at Monroe, La.) February 13, 1911, and were delivered to plaintiffs' customers on that date.

There is a State pure food law in the State of Louisiana, which requires all sacks and packages of food stuffs, sold for use in said State, to be tagged with tags showing the manufacturer thereof with the manufacturer's guaranteed analysis of the contents.

The packages contained in said two cars of chops did not contain the analysis required by the laws of Louisiana, and on February .........., 1911, a pure food inspector in said State of Louisiana seized all of said chops which had been contained in said two cars and retained the same in his custody and control for fourteen days, because and for the reason that the sacks or packages con-

taining said chops had not been tagged with the said analysis required by the law of Louisiana. That on account of the said violation, that is to say, because said packages of corn chops had not been properly and legally tagged, plaintiffs were required to sustain a loss on said chops in the sum of $221.25, which plaintiffs were required to make good to their customers.

Appellee interposed a general demurrer, which the court sustained, and from the judgment dismissing the complaint, appellants prosecute this appeal.

*Jno. H. Crawford,* for appellants.

Loss did not occur by reason of any act, fault or neglect of appellants, but by failure of appellees to comply with police regulations of State of Louisiana.

Appellants were agents. An agent is entitled to reimbursement on account of reasonable and proper expenses incurred in transacting the business of the agency, and also on account of loss or damages sustained by him, without his fault. The loss was a legal tax which appellant was required to pay, and is entitled to recover as proper expenses in conducting the agency. 31 Cyc. 1533, 1535. 19 Cyc. 153; 7 W. Va. 585 (Mich.); 56 N. W. 930; (Tex. Civ. App.) 71 S. W. 298.

No duty devolved on appellants to comply with act, they were not manufacturers, but mere agents, and this is a suit not to recover a penalty, but loss sustained by an agent, by reason of the neglect of appellee.

*McMillan & McMillan,* for appellee.

Appellants were not agents, but purchasers, and acted as brokers for their local customers. Sale was complete in Arkansas when delivered to railroad company, 43 Ark. 358, and title passed to vendee, and any loss by accident would have been the vendee's. 98 Ark. 482; 91 Ark. 422.

The fact that the goods were sent c. o. d. does not change this rule of law. 73 Me. 278.

There was no duty on appellee, in Arkansas, to tag packages as required by laws of Louisiana, but it is the

duty of the person soliciting orders. Manufacturers not required to tag, but tag must show the manufacturer.

Appellant had no contract with appellee to tag and stamp tags as required by the Louisiana law, hence, this is not a suit on a contract, but one to recover a penalty. The State of Louisiana itself could not recover this penalty in a suit in our courts, and appellant can have no right greater than that of the State. 127 U. S. 290. Laws of a State have no extra-territorial effect. 10 Wheat. 66-123; 14 Am. St. Rep. 350, note.

WOOD, J., (after stating the facts). Appellants contend that the allegations of the complaint show that the appellee is liable to them for a loss which appellants sustained as agents or factors of the appellee on account of the neglect of appellee to comply with the police regulations of the State of Louisiana requiring food stuffs for use in that State to be tagged. The appellants contend in their brief that the liability occurred by reason of the failure of the appellee to comply with the act of the Legislature of the State of Louisiana approved Judy 5, 1904. Section 3 of that act, among other things, provides: "That it shall be the duty of every manufacturer or dealer in, or any person soliciting orders, whether by sample or otherwise, or whether such orders are to be accepted by him or his principal for the same of any commercial feed stuff before the same is offered for sale for use in this State (Louisiana), to submit to the Commissioner of Agriculture and Immigration for inspection and analysis, fair samples of the same, which shall be analyzed by the official chemist, and to furnish a written or printed statement setting forth, *first,* the name and brand under which said feed stuff is to be sold," etc.

The appellants, in general terms, allege that the two cars of corn chops which appellants bought from appellee for local dealers at Monroe, La., did not contain the tags required by said act because of the negligence of appellee. But the complaint fails to set forth facts sufficient to show that there was any duty devolving upon appellee to tag the two cars of corn chops under the

Louisiana statute, and therefore it fails to show that there was any negligence on the part of the appellee.

While the complaint alleges, in general terms, that appellants were factors and agents of appellee at Monroe, La., it further alleges that appellants themselves "bought from the defendant (appellee) for local dealers at Monroe," etc. The specific allegation of the complaint, in other words, showed that appellants made the purchase for their own customers as brokers. The specific allegation showed an independent contract by which the purchasers represented the dealers at Monroe, La., rather than the manufacturers and sellers at Arkadelphia.

The law of Louisiana relied upon by appellants has no extra-territorial effect, and appellee, as manufacturer and seller of corn chops at Arkadelphia, Ark., was under no duty or obligation, and therefore was not guilty of any neglect in failing to tag said chops, although same might be sold to parties who intended to use them in the State of Louisiana. The contract, under the allegations of the complaint was as much for the benefit of the appellants, as independent brokers, as it was for the benefit of the appellee. They were soliciting orders in the State of Louisiana for the purchase and sale of goods which were manufactured and sold to them in Arkansas—not Louisiana. The act expressly makes it the duty of every person soliciting orders, whether such orders are to be accepted by him or his principal, to see that the provisions of the act are complied with.

Appellants, as brokers at Monroe, La., were therefore under the specific terms of the act themselves required to comply with the law, and certainly, under the terms of the act, the allegations of the complaint did not show any duty upon the part of appellee to appellants to comply with the laws of Louisiana.

We are of the opinion that under the allegations of the complaint there was a completed sale of the two car loads of corn chops when appellee, on receiving the order of appellants for the chops, delivered the same on board

the cars at Arkadelphia. Then the chops, in law, at once became the property of appellants as the purchasers of the same, or of the dealers in Louisiana whom they represented as agents or brokers. When goods are delivered to a common carrier for the purchaser, to be delivered at a destination named by him, they are delivered to the purchaser. The carrier is, "in contemplation of the law, the bailee of the person to whom, and not by whom, the goods are sent; the latter, in employing the carrier, being considered as an agent of the former for that purpose." *State* v. *Carl & Tobey,* 43 Ark. 360

In *Southern Engine & Boiler Works* v. *Globe C. & L. Co.,* 98 Ark. 482, we held; (quoting syllabus) : "Where by the terms of the contract of sale the property was to be delivered to a common carrier to be transported to the buyer the title passed upon such delivery." See also *Harper* v. *State,* 91 Ark. 422-425; *Parsons Oil Co.* v. *Boyett,* 44 Ark. 230; *Braunn* v. *Keally,* 28 Am. St. Rep. 811.

The complaint fails to state a cause of action, and the court did not err in sustaining the demurrer. The judgment is therefore affirmed.