MAUD V. SMITH, Appellant, v. W. W. ROSE, Respondent.

**Kansas City Court of Appeals, February 21, 1916.**

1. CONTRACTS: Palm Reading: Astrology: Planets: Fraud. A woman pretending to be engaged in reading the palms of the hands of persons and in observing the planets and pretending that she could divine their influence on her patrons fortunes, contracted with the owners of worthless stock in a gold mine, that for a commission on sales, she would advertise for patrons, read their palms, observe the planets and inform them that the result of her observation was that they should buy the stock, and that she would furnish the names and addresses to defendant who would then sell them stock. It was *held*, that the contract was immoral and the woman had no cause of action.

2. ————: ————: ————: Interest of Trial Judge: New Trial: Reversible Error. The judge who tried a case involving the attempted inforcement of an immoral and void contract to sell mining stock was shown, on motion for new trial, to have been a stockholder in the mine. It was *held* that plaintiff having shown by her own testimony that the contract was void and that there was no cause of action, was not reversible error.

Appeal from Jackson Circuit Court.—*Hon. Daniel E. Bird*, Judge.

AFFIRMED.

*Ed. E. Aleshire* for appellant.

*L. W. Byram* for respondent.

ELLISON, P. J.—Plaintiff brought an action on a contract alleged to have been made with defendant whereby she was to be brought from Chicago, established in an office and paid a commission and monthly salary for the sale of all mining stock which should be made through her assistance. At the close of the evidence on her part, the trial court gave a peremptory instruction to find for defendant.

It appears from the testimony given by plaintiff in her own behalf that she was residing in Chicago, Illinois, engaged in the business of "Palmistry," 'Astrology,'' and "Clairvoyance,' and that when she obtained "too much notoriety" she moved from place to place. That defendant, at Kansas City, Missouri, with several others, was engaged in selling gold mining stock in a mine represented to be in California. That one of defendant's associates made a contract with her (which was specially adopted and confirmed by defendant) whereby she was to come to Kansas City, procure rooms, advertise and prosecute her business by reading the palms of her patrons, divining the influence of the planets on their fortunes and advising them that the result of her reading and her observation of the planets was that they should buy defendant's mining stock. She testified that she "was to advise them of the mining stock defendant had to sell and the mining company; " and that she "was to read palms and write horoscopes and advise every one to buy mining stock." She stated that the stock was worthless, but that she did not know it at the time. Why the planets and her own palm permitted her to be deceived is not disclosed. She further testified that she would secure the names and addresses of her patrons, notify defendant, or his associates, and they would seek the parties and sell them stock. That by this means they were enabled to sell large amounts, but had refused to pay her as agreed.

That plaintiff's contract was to engage in a palpable fraud on gullible people there is not a particle of doubt, and the trial court was bound to so declare; for the courts will not aid one to enforce an illegal obligation. In the protection of sound morals and the general public, the law forbids the enforcement of such contracts. [Connor v. Black, 119 Mo. 126; Attaway v. Bank, 93 Mo. 485.] And our courts, and the courts of other States, have repeatedly decided that when the illegality of the contract appears on its face, or in the testimony of the plaintiff, it is the duty of the court to so declare, as a matter of law. [Cohen v. Burden Envelope Co., 166 N. Y. 292; Cummings v. Union Blue Stone Co., 164 N. Y. 401, 406; Tatum v. Kelly, 25 Ark. 209.] We have examined authorities cited by plaintiff and find them without application to her case.

On the hearing of plaintiff's motion for new trial it was shown that the trial court appeared in the prospectus of the mining company as a stockholder and for that reason it is insisted that as plaintiff only learned this after the judgment, a new trial should have been granted and the cause sent to some other court. But the difficulty with this position is that plaintiff has shown she has no case—no cause of action. Regardless of what ruling the trial court might have made on the motion, we must view the matter from the standpoint of her rights as an appellant. When on the hearing and consideration of an appeal it is disclosed that, on his own showing, the appellant has no cause of action, errors assigned looking to a new trial become of no consequence.

These remarks apply to points of error assigned on the ruling on the admission of evidence. Plaintiff stated her contract fully and completely and being wholly forbidden by the law, the evidence offered had no tendency to legalize the contract.

The judgment is affirmed. All concur.